# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23847-BLOOM/LOUIS

EUMELIA GOMEZ,

      Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Plaintiff to Provide Better Responses to Defendant's Second Set of Interrogatories and for Sanctions (ECF No. 39). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Beth Bloom, United States District Judge for the resolution of all discovery disputes (ECF No. 12). A hearing was held on the Motion on February 5, 2021. This Order memorializes but does not modify the rulings made in open court.

Defendant seeks a better answer to a single interrogatory, which asks:

> Are you claiming repairs to the property pursuant to Section 626.9744, Fla. Stat.? If so, please state the itemized repairs you are claiming under Section 626.9744. Please also state the amount of monies you are claiming for the Claimed Loss pursuant to Section 626.9744.

(ECF No. 39 at ¶ 2). Plaintiff's current answer to this interrogatory states that "Plaintiff is without the technical knowledge of how to interpret § 626.9744 Fla. Stat., or differentiate what damages would solely, partially or legally be claimed under that statute, or which monies for which repairs

are attributable to damages under that statute" (ECF No. 41 at ¶ 7). In response to Defendant's Motion, Plaintiff further avers that she "does not possess the information required to fully respond to Defendant's interrogatory request because the requested information does not exist" and "cannot be required to create new information in order to comply with the request" (ECF No. 41 at 4). However, Plaintiff cannot avoid describing the scope of her claim in this litigation on the basis that the Plaintiff herself is a layperson without legal knowledge.

Pursuant to Fed. R. Civ. P. 33 "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." "'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." W*aters Edge Living, LLC v. RSUI Indem*. Co., No. 4:06CV334-RH/WCS, 2008 WL 1816418, at *5 (N.D. Fla. Apr. 22, 2008) (citations omitted); *see also Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *6 (S.D. Fla. Apr. 25, 2012) (finding defendants "have rightfully utilized the Interrogatories to seek to clarify the basis for or scope of an adversary's legal claims"). As such, Defendant's Motion to Compel (ECF No. 39) is **GRANTED**. Plaintiff shall supplement her answer to Defendant's Second Set of interrogatories by no later than February 26, 2021.

Pursuant to Fed. R. Civ. Pro. 37(a)(5), no fees have been shifted on this Motion.

**DONE AND ORDERED** in Miami, Florida this 5th day of February, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE